Ruffin, Chief Justice.
To take a case out of the statute of limitations, it was held in Smallwood, v. Smallwood, Ante 2 vol. 330, and in other cases, that there must be a promise to pay the debt within three years. ' It need not be an express promise ; but it may be implied from such an acknowledgment of the debt as imports its present subsistence, and a continuing liability of the defendant for it, or his willingness to pay it, notwithstanding the lapse of time since the debt was first contracted. But we then thought and still think that a promise to pay cannot be inferred simply from an admission that the debt had been contracted and was originally just: or from the further admission that it had not been paid, if at the same time, the defendant denied his liability and did not in some way indicate his intention or willingness to pay. It is immaterial on what ground the defendant denies his liability or places his refusal to pay; whether it be because, as he says, the debt was never due ; or because he had paid it, or because he insisted on a legal protection from the payment. In either case, the refusal to pay repels the idea of a promise to pay; and there must be such a promise either expressed or implied, to prevent the bar of the statute.
The rule was, therefore, in our opinion, inaccurately expressed to the jury, when it was said “ that there must be either an express promise to pay by the defendant, or an explicit acknowledgment of a subsisting debt.” It should have been added “ from which the law could imply a promise to pay the debt.” No acknowledgment can be sufficient unless it furnishes a plain inference that the defendant thereby intended to engage to pay the debt.
For the same reasons it appears to the Court to have been erroneous to leave it to the jury to find the requisite ac-knowledgement upon the evidence in the case. The instructions properly assume, that there was not an express promise. To implying one, the express and repeated refusals of the *132 defendant to pay, as proved by the plaintiff’s own witness, constitute an insuperable obstacle. But it is said, the defendant ^ not refuse unequivocally, but he acknowledged the debt and agreed in a qualified manner to pay part of it; and ^ jg jnsjsted, that this defeats the operation of the statute as to the whole debt. That there has been a period when this argument would have received the concurrence of the Courts is not doubted. But it cannot be sanctioned without overthrowing the principles of the modern decisions. We hold, that a defendant is entitled to have his words upon this subject, as upon every, other, fairly considered and interpreted, so as to arrive at his real meaning. Thus treated, they import in this case neither an acknowledged liability nor 'willingness to pay, the plaintiffs’ demand, but directly the contrary. The original debt, and the less sum the agent of the plaintiffs proposed to take, the defendant positively refused to pay. There is nothing more in the case, except that the defendant then proposed on his part to pay a still smaller sum on certain terms, but simultaneously declared that. if those terms were not accepted, he would plead the. statute of limitations. The terms have never been accepted, and this action is not brought on that proposition. If it had been it could not be supported, because it never became a contract by the assent of the plaintiffs. For the same reason it is not a contract to revive the original promise, or for any other purpose. In fine, insisting on the statute of limitations is not, in oür opinion, a waiver of it.
. Per Curiam, Judgment reversed.